José I. Esturio, Plaintiff and Appellee, *v.* Providencia Canetti Rodríguez, Defendant and Appellant.

No. 5963.   Argued March 14, 1932.—Decided March 18, 1932.

*E. Rincón* for appellant.   *C. del Toro Fernández* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

A dismissal of the present appeal is sought for want of diligence in the prosecution thereof, and because the appeal is frivolous.

The defendant took her appeal to this Court on November 13, 1931, and on the 23rd of the following month she filed a statement of the case but since that time she has taken no steps looking towards its approval.

Although it is indeed the duty of the clerk, under the law, to submit to the court any statement of the case for its approval, such duty does not relieve the appellant from taking steps to have the statement approved, so that the appeal shall not lie dormant to the prejudice of the appellee, as has occurred in the present appeal since December 23, 1931. *Fernández* v. *Aponte*, 35 P.R.R. 46; *Auge* v. *Selosse*, 32 P.R.R. 598. Such conduct on the part of the appellant is proof of her lack of diligence in the prosecution of her appeal, and therefore, under Rule 59 of this Court, a dismissal of the appeal lies.

A verified complaint was filed in a municipal court for the recovery of $400 as principal, $8 for accrued interest, and $50 for expenses, costs, and attorney's fees. The complaint was filed on January 15, 1931, and it was therein alleged that by a public deed dated May 9, 1930, which was attached to the complaint, the defendant acknowledged to be indebted to the plaintiff, in the sum of $400 which she promised to return to him on May 9, 1931, together with interest at the rate of 1 per cent monthly, and it was agreed that upon default in the payment of two monthly instalments of the interest, the plaintiff might consider the obligation as due before the date specified for its maturity. She bound herself to pay, in case of judicial claim, $50 for costs, expenses, and attorney's fees. It was also alleged that the defendant had failed to pay the interest for the months of November and December, 1930, amounting to $8, of the principal either in whole or in part.

The verified answer failed to allege any positive fact in opposition to the complaint. The defendant did not appear at the trial in the municipal court and, therefore, did not submit any evidence. Judgment was entered against her after the plaintiff's evidence had been heard. She appealed from that judgment and, as she failed to appear at the trial *de novo*, no evidence was introduced by her in the district court either. After hearing the plaintiff's evidence, the district court rendered the judgment from which the present appeal has been brought by the defendant.

Inasmuch as the complaint states a cause of action and the defendant failed to set up any facts in opposition thereto and the only evidence introduced was that of the plaintiff, the appeal must be held to be frivolous.

For the reasons stated the appeal should be dismissed.